IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELDON LEE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-659 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| WASHINGTON CITY POLICE | ) | |
| DEPARTMENT, PENNSYLVANIA | ) | |
| BOARD OF PROBATION AND | ) | |
| PAROLE (PBPP), and DANIEL RUSH, | ) | |
| *a/k/a Dan Rush in his official and* | ) | |
| *individual Capacities, and as of yet* | ) | |
| *unknown or unidentified individuals* | ) | |
| *and any as of yet unknown groups*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff's Objections (Docket No. 14) to the Report and Recommendation ("R&R") of Magistrate Judge Maureen P. Kelly entered on June 6, 2022. (Docket No. 11). The R&R recommends dismissing Plaintiff's Complaint (Docket No. 8) *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, and for failure to state a claim on which relief may be granted, and further recommends that limited leave be granted for Plaintiff to amend with respect to any constitutional claim arising from alleged "physical altercations" that he has been forced to endure as set forth therein. Service of the R&R was made on Plaintiff by mail, and he was informed that any objections to same were due by June 23, 2022. (Docket No. 11).

1

On June 14, 2022, Plaintiff timely filed his "Objections/Response to R&R." (Docket No. 14). On June 15, 2022, Plaintiff filed a "Motion for Clarification Re: Objections/Response to R&R" (Docket No. 15), on June 17, 2022, Plaintiff filed a second "Motion for Clarification Re: Objections/Response to R&R" (Docket No. 16), and on August 4, 2022, Plaintiff filed a third "Motion for Clarification Re: Objections/Response to R&R" (Docket No. 20). In all three Motions for Clarification, Plaintiff asked the Court to accept his motions as extensions of his Objections/Response to R&R. (Docket Nos. 15 at 1; 16 at 1; 20 at 1). In accordance with Plaintiff's request, the Court is treating Plaintiff's motions as amendments to his original Objections, and the Court has considered the substance of those motions in conjunction with his original Objections.

Plaintiff objects to the recommendation that the Court dismiss his claim of violation of due process under the Fifth and Fourteenth Amendments of the United States Constitution. According to Plaintiff, Judge Kelly incorrectly interpreted his due process claim to apply narrowly to the denial of his parole only. (Docket No. 14 at 1). Plaintiff argues that he intended his due process claim to be construed more broadly, and to apply to the letter that Plaintiff alleges was written by Defendant Daniel Rush, as well to Defendant Rush's alleged actions in spreading falsehoods about Plaintiff. (*Id.* at 2). Also, Plaintiff concedes that he is not arguing in his Complaint about the validity of his parole or the validity of his confinement, and he requests that the Court disregard the request for release of confinement found in the "Prayer for Relief" section of his Complaint. (Docket Nos. 14 at 6; 20 at 1).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The

Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of Plaintiff's Complaint, Plaintiff's Objections, and Plaintiff's Motions for Clarification which the Court has treated as amendments to his Objections, the Court concludes that the Objections do not undermine the R&R's recommended disposition. In so finding, the Court notes that, even considering the broader interpretation of his due process claim that Plaintiff presents in his Objections – which, he argues, is not based solely upon the denial of parole – Plaintiff still has not adequately alleged a claim of violation of his right to due process. Additionally, out of an abundance of caution and mindful of the relaxed pleading standards applicable to *pro se* plaintiffs, Judge Kelly recommends that Plaintiff be granted leave to amend any constitutional claim that he is attempting to raise with respect to the alleged physical altercations he has been forced to endure due to Defendant Rush's alleged conduct, if applicable. (Docket No. 11 at 6-7, 8). The Court finds that permitting such amendment provides Plaintiff with an opportunity to amend his claims as appropriate in light of the Court's ruling today. However, if Plaintiff chooses to amend his Complaint, he should remain mindful that, if he fails to state a constitutional claim therein, the Court will decline to extend supplemental jurisdiction over any state law claims that Plaintiff includes, because the interests of judicial economy, convenience, fairness, and comity will not be served by extending supplemental jurisdiction over any such state law claims if Plaintiff cannot state a constitutional claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Accordingly, the Court enters the following Order:

AND NOW, this 8th day of September, 2022,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 14) are OVERRULED, and the R&R (Docket No. 11) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Docket No. 8) is DISMISSED WITHOUT PREJUDICE to amendment for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend with respect to any constitutional claim arising from alleged "physical altercations" which he has been forced to endure due to Defendant Rush's alleged acts, as set forth in the R&R.

IT IS FURTHER ORDERED that, if Plaintiff is unable to state a constitutional claim with respect to such alleged "physical altercations," his remaining state law claims shall be dismissed without prejudice to refiling in state court, if appropriate.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Sheldon Lee Morris (via U.S. Mail)