IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHELDON LEE MORRIS,                        )
                                           )
            Plaintiff,                     )        Civil Action No. 22-659
                                           )
            v.                             )        District Judge W. Scott Hardy
                                           )        Magistrate Judge Maureen P. Kelly
WASHINGTON CITY POLICE                     )
DEPARTMENT; PENNSYLVANIA BOARD             )        Re: ECF Nos. 22 and 35
OF PROBATION AND PAROLE (PBPP);            )
DANIEL RUSH, A/K/A DAN RUSH IN HIS         )
OFFICIAL AND INDIVIDUAL                     )
CAPACITIES; ANY AS OF YET                  )
UNKNOWN OR UNIDENTIFIED                    )
INDIVIDUALS IN THEIR OFFICIAL AND          )
INDIVIDUAL CAPACITIES; and ANY AS          )
OF YET UNKNOWN                             )
GROUPS/ORGANIZATIONS,                      )
                                           )
            Defendants.                    )

**MEMORANDUM ORDER**

Plaintiff Sheldon Lee Morris ("Plaintiff") was, at the time of commencing this action, a state prisoner incarcerated in the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania.  In the initial Complaint, Plaintiff raised claims pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1983, as well as various state common law claims against multiple Defendants.  ECF No. 8.  Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on May 24, 2022.  ECF No. 7.

On June 6, 2022, the United States Magistrate Judge issued a Report and Recommendation recommending that the claims in the Complaint be dismissed with prejudice in part, and without prejudice in part.  ECF No. 11 at 7-8.  Plaintiff filed formal Objections, ECF No. 14, as well as multiple motions for clarification, ECF No. 15, 16, and 20, which were treated as amendments to

the original Objections.  *See* ECF No. 23 at 2.

On September 8, 2022, this Court adopted the Report and Recommendation over Plaintiff's various objections.  *Id.* at 4.  On September 12, 2022, the Magistrate Judge ordered Plaintiff to file an amended complaint on or before October 12, 2022.  ECF No. 24.

Rather than file an amended complaint, Plaintiff moved for reconsideration on September 15, 2022.  ECF No. 25.  The undersigned denied that motion on October 20, 2022, and extended the deadline to file an amended complaint to November 20, 2022.  ECF No. 26.

Plaintiff filed a Notice of Appeal on November 4, 2022.  ECF No. 28.  The Court of Appeals dismissed the appeal for lack of prosecution on January 20, 2023.  ECF No. 34.  On January 24, 2023, the Magistrate Judge ordered Plaintiff to file an amended complaint on or before February 23, 2023.  ECF No. 35.  To date, Plaintiff has not submitted an amended complaint or otherwise responded to that Order.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to prosecute or to comply with an order of court. *See Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990).  "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct.  Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction."  *Id.*

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders.  They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was

willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See id.* at 868-70.   These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).   Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*, and is alone responsible for prosecuting this case and complying with orders of this Court.  Plaintiff is solely responsible for failing to file an amended complaint.

(2) Prejudice to the adversary.

The initial Complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As a result, no Defendant has been served.  There is no indication that any Defendant has been prejudiced unfairly by Plaintiff's conduct.

(3) A history of dilatoriness.

Plaintiff has ignored multiple orders to file an amended complaint since September of 2022.  This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

Moreover, at some point during this litigation, Plaintiff was released from state custody, and has been paroled. *See* https://inmatelocator.cor.pa.gov/#/ParoleeSearchResults (last visited April 25, 2023). [1]  Plaintiff never informed this Court of his release, nor has he bothered to keep

---

[1] On September 6, 2022, Plaintiff submitted a "Request to Court," ECF No. 22, in which he sought a preliminary injunction enjoining various Defendants and third parties from corresponding with the Board of Probation and Parole regarding Plaintiff's then-upcoming parole hearing.

this Court informed of his current address.  It is apparent that Plaintiff has lost all interest in prosecuting this case.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on the record that Plaintiff's conduct was the result of any "excusable neglect." *Poulis*, 747 F.2d at 869.  The conclusion that the failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees would likely be an effective sanction.  Moreover, given Plaintiff's willful refusal to prosecute this case or to inform this Court of his release from custody and his current address, dismissal with prejudice is appropriate.

(6) Meritoriousness of the case.

Plaintiff has failed to submit an amended complaint.  For the reasons stated in the Report and Recommendation, ECF No. 11, Plaintiff has not raised any meritorious claim in this litigation.

Because five of the six *Poulis* factors weigh in favor of dismissal, dismissal is appropriate under Rule 41(b) for failure to prosecute.

Accordingly, in view of the foregoing, the Court enters the following Order:

---

ECF No. 22.  Such a motion is of dubious merit. *See, e.g., Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) ("Any prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity." (internal citation omitted)).  But it is not necessary to address the merits of such a motion, as it was mooted by Plaintiff's receipt of parole. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").  Accordingly, it will be denied as moot.

AND NOW, this 25th day of April, 2023,

IT IS HEREBY ORDERED that Plaintiff's Request to the Court, ECF No. 22, is construed

as a motion for preliminary injunction, and is DENIED AS MOOT in light of his parole.

IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE for failure

to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to mark this case CLOSED.


*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge


cc:     Hon. Maureen P. Kelly
        United States Magistrate Judge

        Sheldon Lee Morris
        MM3810
        SCI Forest
        P.O. Box 945
        286 Woodland Drive
        Marienville, PA 16239